[Cite as *State v. Edmonson*, 2025-Ohio-176.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| JOHN EDMONSON | Case No. 24 CAC 06 0034 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:  Appeal from the Delaware Municipal
                 Court, Case No. 24TRC00001

JUDGMENT:          Affirmed

DATE OF JUDGMENT ENTRY:    January 23, 2025

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

ALICIA HARRIS         APRIL F. CAMPBELL
Assistant Prosecuting Attorney    Campbell Law, LLC
70 North Union Street       545 Metro Place South, Suite 100
Delaware, Ohio 43015       Dublin, Ohio 43017

*Hoffman, J.*

{¶1}    Defendant-appellant John Edmonson appeals the judgment entered by the Delaware Municipal Court convicting him following his plea of no contest to operating a motor vehicle while intoxicated (R.C. 4511.19l(A)(1)(a)), and sentencing him to one year of community control and three days in jail, with the jail time suspended upon condition Appellant complete a Driver Intervention Program within 90 days.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    At 2:10 a.m. on December 30, 2023, Deputy Andrew Byerly of the Delaware County Sheriff's Department was on routine patrol on US 23 in Delaware County, Ohio. The deputy noticed a gray Toyota, driven by Appellant, did not have a visible license plate.  The deputy followed Appellant's vehicle while looking for a license plate.  Appellant abruptly turned into a parking lot.  The deputy did not follow Appellant into the lot, but proceeded along US 23, stopping in a small pull-off area to observe traffic.

{¶3}    About two minutes later, Deputy Byerly saw Appellant drive past him.  The deputy followed Appellant.  Appellant made several turns off US 23, and parked in the lot of an apartment complex.  Deputy Byerly did not follow Appellant into the apartment parking lot, but pulled into the lot of a nearby Kroger's from which he could observe Appellant.

{¶4}    Appellant left the apartment lot, nearly coming "head-to-head" with the police cruiser.  Appellant put his car in reverse, and turned into the parking lot of a retirement community.  Appellant pulled into a parking space and turned off the car's headlights.

{¶5}    Deputy Byerly drove to the retirement community's lot without activating his overhead lights.  He parked in the lot about 10-15 feet away from Appellant, without blocking Appellant's vehicle.  As the deputy walked toward Appellant's vehicle, he noticed a temporary tag on the vehicle.  Appellant was asleep in the driver's seat, with the seat laid back.  The deputy noted a strong odor of alcohol.  When Deputy Byerly spoke with Appellant, Appellant's speech was slurred, and his eyes were glassy.  Appellant admitted he had been drinking, and told the deputy he decided to pull over to sleep because he realized he should not be driving.  Appellant submitted to a breath test, with a result of .155.

{¶6}    Appellant was charged with operating a motor vehicle while intoxicated (R.C. 4511.19(A)(1)(a)) and driving with a prohibited breath alcohol level (R.C. 4511.19(A)(1)(d)).  Appellant filed a motion to suppress, arguing the deputy did not have a reasonable suspicion of criminal activity to justify stopping Appellant.  Following an evidentiary hearing, the trial court overruled the motion, finding the encounter was consensual.  Appellant then entered a plea of no contest to operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a), and was convicted upon his plea. The charge of driving with a prohibited breath alcohol level was dismissed.  The trial court placed him on community control for one year and sentenced him to three days in jail, with the jail time suspended upon condition Appellant complete a Driver Intervention Program within 90 days.  It is from the May 21, 2024 judgment of the trial court Appellant prosecutes his appeal.

{¶7}    Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), *rehearing den.*, 388 U.S. 924,

indicating the within appeal is wholly frivolous. In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶8} We find counsel has complied with *Anders*. Appellant has not filed a pro se brief, and the State has not filed a response brief. Counsel sets forth one assignment of error which could arguably support the appeal:

THE TRIAL COURT ERRED IN FINDING THAT DEPUTY BYERLY'S ENCOUNTER WITH EDMONSON WAS CONSENSUAL RATHER THAN A SEIZURE.

{¶9} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 2003-Ohio-5372, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve

questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 1995-Ohio-243; *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long*, 127 Ohio App.3d 328, (4th Dist. 1998); *State v. Medcalf,* 111 Ohio App.3d 142, (4th Dist. 1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara,* 124 Ohio App.3d 706, (4th Dist. 1997); *See, generally*, *United States v. Arvizu*, 534 U.S. 266 (2002); *Ornelas v. United States,* 517 U.S. 690, (1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review. *Ornelas, supra.* Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698.

{¶10} The law of Ohio recognizes three types of police-citizen encounters: (1) consensual encounters, (2) *Terry* stops, and (3) arrests. *State v. Barnett*, 2019-Ohio-2313, ¶ 17 (5th Dist.). In the instant case, the trial court found the encounter was consensual.

{¶11} A consensual encounter occurs when a police officer approaches a person in a public place, engages the person in conversation, requests information, and the person is free to refuse to answer and walk away. *Id.* at ¶18. In *United States v. Mendenall*, 446 U.S. 544, 554(1980), the United States Supreme Court stated, "We conclude that a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person

would have believed that he was not free to leave." Examples of circumstances which might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating compliance with the officer's request might be compelled. *Id*. The law permits police officers to engage in consensual encounters with suspects without violating the Fourth Amendment. *U.S. v. Thomas,* 430 F.3d 274, 277 (6th Cir. 2005).

**{¶12}** We find the trial court did not err in finding the encounter in the instant case was consensual. The deputy did not initiate a stop of Appellant's vehicle. Appellant stopped his vehicle in the parking lot of his own accord. The deputy testified he did not park in a manner which would block Appellant's car from leaving the parking lot. The deputy's testimony was supported by his body camera video. He did not activate his overhead lights, and there was no evidence of any show of force by the deputy which would restrain Appellant's movement or make a reasonable person believe he was not free to leave. Accordingly, we find the trial court did not err in overruling Appellant's motion to suppress.

**{¶13}** After independently reviewing the record, we agree with Counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Delaware Municipal Court.

By: Hoffman, J.

Baldwin, P.J.

King, J.  concur